**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2630-WJM-MJW

BROWN BROTHERS ASPHALT & CONCRETE, INC., a Colorado corporation,

      Plaintiff,

v.

DDR MCH EAST LLC, a Delaware limited liability company, and
DDR CORP, an Ohio corporation,

      Defendants / Third Party Plaintiffs,

v.

CONTROL BUILDING SERVICES, INC.,
CONTROL EQUITY GROUP, INC.,
EDWARD TUREN, and
NEAL TUREN,

      Third Party Defendants.

---

**ORDER GRANTING MOTION FOR REMAND AND
REMANDING CASE TO DENVER COUNTY DISTRICT COURT**

---

    This matter is before the Court on the Motion for Remand ("Motion") (ECF No. 30) filed by Defendants DDR MCH East LLC and DDR Corp. (together "Defendants" or "DDR") contending that the Notice of Removal ("Notice") (ECF No. 1) fails to establish federal jurisdiction over this action. For the reasons stated below, the Court grants the Motion and remands the case to the state court.

**I. BACKGROUND**

    Plaintiff Brown Brothers Asphalt & Concrete, Inc. ("Plaintiff") filed this action on July 1, 2013, in the District Court for the City and County of Denver, Colorado ("Denver

County District Court").  (ECF No. 5.)  Plaintiff brings contract claims contending that DDR failed to pay for services rendered.  (*Id.*; ECF No. 60.)

On August 14, 2013, DDR filed an Answer and Third-Party Complaint against Third-Party Defendants Control Building Services, Inc., Control Equity Group, Inc., Edward Turen, and Neal Turen (collectively "Third-Party Defendants").  (ECF No. 7.) DDR alleges that it was defrauded by the Third-Party Defendants' scheme, in which the Third-Party Defendants misappropriated funds obtained from DDR under a contract between DDR and Oxford Building Services, Inc. ("Oxford").  (*Id.* at ¶¶ 12-13.)  Third-Party Defendant Control Equity Group is the parent company of both Oxford and Third-Party Defendant Control Building Services, and Third-Party Defendants Edward and Neal Turen are officers and/or shareholders of all three companies.  (*Id.* at 2-5.)

Under DDR's contract with Oxford, Oxford was to manage DDR's payments to its vendors, including Plaintiff.  (*Id.* at ¶ 10.)  DDR alleges that the Third-Party Defendants and their affiliates used DDR's funds, which were intended to be used to pay its vendors, for the Third-Party Defendants' own benefit.  (*Id.* at ¶ 12.)  As a result, Oxford failed to pay Plaintiff and DDR's other vendors.  (*Id.* at ¶ 13.)  DDR brings claims against the Third-Party Defendants for breach of a guaranty agreement it had with Control Building Services, as well as tortious interference with contract and related claims (collectively the "Third-Party Claims").  (*Id.* pp. 11-14.)  Oxford filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey on February 26, 2013, and Oxford's bankruptcy remains pending.  (*Id.* ¶ 38.)

On September 23, 2013, Plaintiff moved for severance of DDR's Third-Party

2

Claims.  (ECF No. 15.)  On September 25, 2013, the Third-Party Defendants[1] filed their

Notice, removing this case based on its relation to the Oxford bankruptcy proceeding.

(ECF No. 1.)  On October 16, 2013, the Third-Party Defendants filed a motion to sever

the Third-Party Claims and transfer them to the District of New Jersey.  (ECF No. 26.)

DDR filed the instant Motion to Remand on October 25, 2013.  (ECF No. 30.)  Plaintiff

joined DDR in the Motion.  (ECF No. 33.)  The Third-Party Defendants filed a Response

opposing remand (ECF No. 49), and DDR filed a Reply (ECF No. 50).  With leave of

Court, DDR filed supplemental authority supporting the Motion on February 14, 2014.

(ECF Nos. 61-1, 62.)

## II.  ANALYSIS

As the parties invoking federal court jurisdiction, the Third-Party Defendants

"bear[] the burden of proving that such jurisdiction exists."  *Montoya v. Chao*, 296 F.3d

952, 955 (10th Cir. 2002); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th

Cir. 2008) ("[T]he defendant is required to prove jurisdictional facts . . . ."); *Merida*

*Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Because federal courts are

courts of limited jurisdiction, there is a presumption against the existence of jurisdiction

and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal

jurisdiction does exist."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.

1974).  When a case is originally filed in state court, there is a "strong presumption"

---

[1] Third-Party Defendants Control Building Services, Control Equity Group, and Edward Turen filed the Notice, and their opposition to the instant Motion, without the participation of Third-Party Defendant Neal Turen.  (*See* ECF Nos. 1, 49.)  As Neal Turen's lack of participation does not impact the Court's analysis here, the Court will refer to these parties collectively as the Third-Party Defendants without further clarification that such term does not include Neal Turen for the purposes of the instant Motion.

against removal and all ambiguities must be resolved against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

The Third-Party Defendants' Notice of Removal states that this Court has jurisdiction under 28 U.S.C. § 1334(b) because this matter is related to the Oxford bankruptcy proceeding. (ECF No. 1 at 3.) Under § 1334(b), federal district courts have original jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." A case is "related to" a bankruptcy proceeding where "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Gardner v. United States*, 913 F.2d 1515, 1518 (10th Cir. 1990).

The Third-Party Defendants argue that DDR's claims against it have the potential to impact Oxford's bankruptcy because DDR's claims are based on obligations incurred by Oxford, and that, should the Third-Party Defendants be found liable to DDR, they would have claims for indemnification to Oxford's estate. (ECF No. 1 at 4-5.) The Third-Party Defendants further contend that DDR's pending claim against Oxford's estate for the money that was allegedly misappropriated instead of being paid to DDR's vendors would be reduced if DDR recovers some amount of that money from the Third-Party Defendants in this action. (*Id.* at 5.) The Third-Party Defendants argue that these are all "conceivable" effects on Oxford's estate, and therefore this Court has jurisdiction over the case. (*Id.* at 5-6.) In response, DDR argues that the Third-Party Claims are too attenuated from the Oxford bankruptcy to be "related to" it for purposes of federal jurisdiction. (ECF No. 30 at 6-9.)

As to the Third-Party Defendants' argument that DDR's claims are factually

related to Oxford because they would not exist but for DDR's prior contract with Oxford, the Court finds that this does not equate to an effect on Oxford's estate sufficient to confer jurisdiction.  Oxford is not a party to this action, despite its role in the drama precipitating the claims in this case.  As DDR indicates in its Motion, the Third-Party Claims are based on the separate guaranty agreement between DDR and Third-Party Defendant Control Building Services.  (*Id.* at 7.)  All claims brought by both Plaintiff and DDR are based on Colorado law.  (*See* ECF No. 7; ECF No. 60.)  Thus, the Court rejects the reasoning of the decision relied on by the Third-Party Defendants, in which the Western District of Michigan found DDR's claims were related to Oxford's bankruptcy because Oxford "seems like a central player in the drama".  (*See* ECF No. 49 at 3 (quoting *Tri-US Servs., Inc. v. DDR Corp.*, No. 1:13-cv-695 (W.D. Mich. Oct. 21, 2013) (oral ruling)).)

As to the Third-Party Defendants' other arguments regarding the potential effects of indemnification and the amount of DDR's claim against Oxford, the Court agrees with DDR and finds that these effects are too attenuated to establish that the instant case is "related to" the Oxford bankruptcy under § 1334(b).  The Court is persuaded by the decisions of other federal district courts in seven other cases brought against DDR Corp. and its affiliates, which reject nearly identical arguments raised by the same Third-Party Defendants.  (*See* ECF No. 30 at 3 n.2 (citing *Driveway Maint., Inc. v. DDRM Bardmoor Shopping Ctr., LLC*, 2013 WL 5673509 (M.D. Fla. Oct. 17, 2013); *T&K Asphalt Servs., Inc. v. DDRC Gateway, LLC*, 2013 WL 5550512 (D. Mass. Oct. 8, 2013); *Ace Asphalt of Ariz., Inc. v. DDR Corp.*, No. 13-1163-PHX-MHB (D. Ariz. Aug. 28, 2013)); ECF No. 50 at 7 n.3 (citing *Driveway Maint., Inc. v. DDRM Shoppes at New*

*Tampa, LLC*, No. 8:13-cv-1912 (M.D. Fla. Oct. 22, 2013); *Driveway Maint., Inc. v. DDR Se. Clearwater Dev., LLC*, 2013 WL 5408242 (M.D. Fla. Sept. 25, 2013); *Joseph McCormick Constr. v. DDR Corp., LLC*, 2013 WL 4811193 (W.D. Pa. Sept. 9, 2013)); ECF No. 61-1 (citing *Kan. Asphalt, Inc. v. BRE DDR Merriam Town Ctr., LLC*, 2014 WL 558895 (D. Kan. Feb. 13, 2014)).)

As in the decisions of these other district courts, the Court finds that the potential effects of this action on the Oxford estate are hypothetical and fail to establish a relationship to the Oxford bankruptcy sufficient to confer jurisdiction.  With respect to indemnity, as DDR points out, there is no explicit indemnification clause in the guaranty agreement out of which DDR's Third-Party Claims arise.  (*See* ECF No. 30-4 at 14-15.) Furthermore, DDR's tort claims are based on the Third-Party Defendants' own alleged actions, and any claim for indemnification is thus entirely speculative on the record before this Court.  (*See* ECF No. 7.)  The Third-Party Defendants' final argument, that any award against them would reduce DDR's claims against Oxford's estate, is similarly insufficient to confer jurisdiction.  Even assuming that Plaintiffs are awarded all claimed damages from DDR, that DDR in turn is awarded the same amount from the Third-Party Defendants, and that said amount was entirely included in DDR's claim against Oxford's estate, DDR's decreased claim in the bankruptcy would at most reduce the total disclosed liabilities and claims against Oxford's estate by a mere two percent.  (*See* ECF Nos. 7; 60 at 26-27.)  *See also Kan. Asphalt*, 2014 WL 558895 at *3-4 (applying Tenth Circuit "conceivable effects" test, rejecting identical arguments of proportionate reduction and indemnification, and rejecting the reasoning of *Tri-US Services*).  The Court adopts the reasoning of *Kansas Asphalt* and the other six above-cited decisions

and concludes that these arguments fail to demonstrate the existence of jurisdiction under § 1334(b).

On the current record, the Court finds that the Third-Party Defendants have not met their burden of showing that this Court has jurisdiction over this action. Therefore, the Third-Party Defendants have failed to overcome the presumption against removal in this case, and remand is appropriate. *See Martin*, 251 F.3d at 1290. The parties' motions regarding severance of the Third-Party Claims shall remain pending before the Denver County District Court.

### III.  CONCLUSION

Accordingly, Defendants' Motion to Remand is GRANTED and the above-captioned action is REMANDED to Denver County District Court. The Clerk shall transmit the file.

Dated this 11th day of April, 2014.

BY THE COURT:

_____

William J. Martínez
United States District Judge